IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
                                    X
BARRON J. BAILEY,                   X
                                    X
        Plaintiff,                  X
                                    X
vs.                                 X    No. 03-2976-Ml/P
                                    X
DOBBS BROTHERS PONTIAC-GMC,         X
aka DOBBS PONTIAC-GMC, et al.,      X
                                    X
        Defendants.                 X
                                    X
```

ORDER GRANTING THE MOTION TO DISMISS
FILED BY DEFENDANT AUTO NATIONS, INC.

Plaintiff Barron J. Bailey, through counsel, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, on December 24, 2003, against his employer, Dobbs Brothers Pontiac-GMC ("Dobbs"), and AutoNation, Inc.,[1] which is alleged to be the "corporate owner" of Dobbs.[2] On April 6, 2004, AutoNation filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds that the Plaintiff did not name AutoNation in his EEOC charge and that AutoNation is not the Plaintiff's employer. Plaintiff's attorney subsequently withdrew from the representation and, on August 4,

---

[1] The complaint misidentifies this Defendant as "Auto Nations, Inc." The Clerk is ORDERED to correct this Defendant's name in the docket.

[2] According to ¶ 7 of the Answer, "Defendant AutoNation, Inc. owns the parent corporation that owns Dobbs' parent corporation."

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-29-2004



2004, the Court issued an order directing the Plaintiff to show cause, within ten days, why AutoNation's motion should not be granted. Plaintiff filed his response to the order on August 11, 2004.

"In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). Moreover, the plaintiff's complaint must be "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." EEOC v. Bailey, 563 F.2d 439, 446 (6th Cir. 1977) (internal citations omitted). In dealing with pro se litigants, courts have tended to be more lenient in their assessment of what is contained in the charge and its relationship to the content of the complaint. As the Sixth Circuit explained:

> One reason for the expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include "the exact wording which might be required in a judicial pleading."

Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (citation omitted); see also Ang, 932 F.2d at 546 (declining to broadly construe a Title VII charge because the plaintiff "was assisted by counsel throughout the administrative investigation. Liberal construction is not necessary where the claimant is aided by counsel in preparing his charge."). Thus,

2

"where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. Davis, 157 F.3d at 463.

In this case, the EEOC charge, which was filed on July 31, 2002, lists the employer as "Dobbs Pontiac Gmc."[3] AutoNation is also not named in the body of the charge, with the possible exception of the reference to "John Andrew, Corporate," and even that reference provides no indication of an intent to charge AutoNation itself with discrimination. It is unclear whether Plaintiff was represented by counsel at the time he filed his EEOC charge. Moreover, the Plaintiff's response to the motion to dismiss does not address the failure to name AutoNation in the EEOC charge and does not provide any basis for a conclusion that the interests of AutoNation and Dobbs are identical. Under these circumstances, the Plaintiff has not exhausted his Title VII claim against AutoNation. Hulsey v. Gunn, 905 F. Supp. 1067, 1071 (N.D. Ga. 1995).[4] Accordingly, the Court DISMISSES the complaint with respect to AutoNation, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction. In light of this holding, it is

---

[3] The EEOC charge was purportedly filed by "Jerome Bailey," but there seems to be no dispute that "Jerome Bailey" and "Barron J. Bailey" are one and the same person.

[4] Although courts liberally construe the requirement that a party be named in an EEOC charge, Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358-59 (11th Cir. 1994), in this case the Court has no basis for denying the motion to dismiss in light of the facts that there is no basis for concluding that the Plaintiff was pro se at the time he filed his EEOC charge and the Plaintiff's response does not address the substance of the motion.

3

unnecessary to consider the alternative ground for dismissal urged by AutoNation.

IT IS SO ORDERED this 28 day of Dec., 2004.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:03-CV-02976 was distributed by fax, mail, or direct printing on December 29, 2004 to the parties listed.

---

Valerie B. Speakman
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Rebecca J Jakubcin
FISHER & PHILLIPS
945 E. Paces Ferry Rd.
Ste. 1500
Atlanta, GA 30326

Christine E. Howard
FISHER & PHILLIPS
945 E. Paces Ferry Rd.
Ste. 1500
Atlanta, GA 30326

Barron J. Bailey
2170 Vollintine
Memphis, TN 38108

Honorable Jon McCalla
US DISTRICT COURT